*Vlad-Berindan v. The City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
>    *Circuit Judges.*

---

Lucia Vlad-Berindan,

     *Plaintiff-Appellant*,

    v.                                                                                          17-3397

NYC Metropolitan Transportation Authority, MTA New York City Transit, New York City Transit, MTA New York City Transit,

     *Defendants-Appellees*,

The City of New York,

     *Defendant*.

---

FOR PLAINTIFF-APPELLANT:           LUCIA VLAD-BERINDAN, *pro se*, Ridgewood, NY.

FOR DEFENDANTS-APPELLEES:              ROBERT K. DRINAN, Executive Agency
                                       Counsel, *for* James B. Henly, General
                                       Counsel, New York City Transit Authority,
                                       Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*; Freeman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lucia Vlad-Berindan ("Vlad-Berindan"), proceeding *pro se*, appeals from orders of the United States District Court for the Southern District of New York dismissing her complaint in part, denying leave to file an amended complaint, denying her motion for default judgment, and granting the defendants' motion for summary judgment on her remaining claim.   She also appeals numerous other preliminary orders.   Vlad-Berindan sued four New York City transit entities after she completed an unpaid internship at the New York City Transit Authority ("NYCTA") and was not hired for a permanent paralegal position, alleging that the defendants violated state and federal law by failing to pay her a minimum wage and by discriminating and retaliating against her.[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's orders dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6), denying leave to amend a complaint as futile, and granting summary judgment.   *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (summary judgment); *Forest Park Pictures*

---

[1] Vlad-Berindan abandoned her age and disability discrimination claims and her defamation and other state-law claims by failing to address them in her appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (issues not raised in a *pro se* appellate brief are abandoned).   Vlad-Berindan also expressly abandoned on appeal her claim that the defendants "misclassified" employees by hiring paralegals as contractors.   We therefore decline to address these claims.

*v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012) (Rule 12(b)(6)); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir. 2012) (leave to amend). We review for abuse of discretion district court rulings on motions for default judgment and discovery issues. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (discovery); *Shah v. N.Y.S. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (default judgment).

## I. Judicial Authority and Judicial Bias

Vlad-Berindan primarily argues that the district court and magistrate judges lacked the authority to issue the contested orders and were biased against her. These arguments are meritless. Vlad-Berindan's motions for recusal did not divest the district court or magistrate judges of jurisdiction over this action, and the magistrate judges acted within their authority in issuing recommendations. *See* Fed. R. Civ. P. 72 (permitting referral to a magistrate judge for recommendations without the parties' consent). Her allegations concerning bribery and improper communications with the defendants are frivolous, and her bias claims, which are based on these allegations and on adverse decisions, are also unavailing. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (noting that adverse decisions, without more, "will rarely suffice to provide a reasonable basis" for a judicial bias claim).

## II. Default Judgment

The district court did not abuse its discretion in denying Vlad-Berindan's motion for default judgment because, as the magistrate judge correctly explained in her August 25, 2017 report and

recommendation, the defendants did not default.[2]

### III.    Motion to Dismiss

Vlad-Berindan argues that the district court erred in (1) dismissing her claims against the New York City Metropolitan Transportation Authority ("MTA"); (2) concluding that she was not an "employee" under the Fair Labor Standards Act ("FLSA"); and (3) and denying leave to amend her Title VII discrimination claims.

First, Vlad-Berindan failed to object to the magistrate judge's recommendation to dismiss her claims against the MTA.  This Court has adopted a rule that a failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."  *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997).  Although this rule is non-jurisdictional and can be excused in the interests of justice, *see id.* at 39, excusal is not warranted here.  Even if Vlad-Berindan were correct that the MTA is liable for the NYCTA's conduct, all of Vlad-Berindan's claims against the NYCTA were properly dismissed for the reasons discussed below.

Second, Vlad-Berindan's brief, liberally construed, contends that the district court erred in determining that she was not an "employee" under the Fair Labor Standards Act ("FLSA") because the test that this Court articulated in *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir.

---

[2]  To the extent that Vlad-Berindan appeals the S.D.N.Y. standing order setting the time to respond, we decline to consider this issue because it is raised for the first time on appeal.  *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

2016), is inapplicable to public sector interns or, in the alternative, because her work replaced work previously completed by a paid employee.

The FLSA requires that employers pay their "employees" a minimum wage. 29 U.S.C. § 206; *see also id.* § 203(e)(1) (defining "employee" as an "individual employed by an employer"). However, "[a]n individual who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked" for an employer is not an "employee" under the FLSA. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985) (internal quotation marks omitted). "The test of employment under the [FLSA] is one of 'economic reality[.]'" *Id.* at 301 (quoting *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961)).

In *Glatt*, this Court applied a "primary beneficiary test" to distinguish employees from non-employee interns in the private sector context. *See* 811 F.3d at 536. We articulated a non-exhaustive set of factors to assist in making this determination, including, as relevant here, the extent to which (1) "the intern and the employer clearly understand that there is no expectation of compensation," (2) "the internship is tied to the intern's formal education program by . . . the receipt of academic credit," (3) "the internship's duration is limited to the period in which the internship provides the intern with beneficial learning," and (4) "the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern." *Id.* at 536–37.

We have not previously applied this test to public sector internships, and *Glatt* explicitly limited its discussion to "internships at for-profit employers." *Id.* at 536 n.2. We nonetheless agree with the district court that Vlad-Berindan was not an employee under the FLSA when she interned for the NYCTA. Vlad-Berindan presented no basis for concluding that the FLSA would

5

require a public sector employer to pay an intern under circumstances in which a for-profit private employer would be exempt. The factors articulated in *Glatt* and relied upon by the district court—the expectations of the parties, the educational benefit conferred, and the relationship between the work and an academic program—all apply with equal force to public sector employers and establish the "economic reality" that Vlad-Berindan did not have an employment relationship with the NYCTA under the FLSA. *Tony & Susan Alamo Found.*, 471 U.S. at 301. The court properly noted that Vlad-Berindan's allegation that she completed work previously assigned to a paid employee weighed in favor of the opposite conclusion, but did not outweigh these other factors. It therefore did not err in dismissing Vlad-Berindan's FLSA claims.

Third, the district court did not err in denying Vlad-Berindan leave to amend her discrimination claims, because the complaint did not "suggest[] that [Vlad-Berindan] has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Vlad-Berindan did not explain how she could cure the defects in these claims if granted leave to amend; instead, she argued that her allegations identifying the race of various NYCTA employees proved her discrimination claims. We therefore conclude that amendment of Vlad-Berindan's discrimination claims would have been futile.

## IV. Discovery Rulings

Vlad-Berindan next argues that the district court erred in declining some of her subpoena requests. But she does not explain what additional documents she wished to obtain from these sources, whether they were different from documents otherwise available to her, or why additional evidence from these sources would be relevant to this action. Because duplicative and irrelevant

demands for documents "impos[e] undue burden or expense on a person subject to the subpoena," the court did not abuse its discretion with respect to Vlad-Berindan's subpoena requests.   Fed. R. Civ. P. 45(d)(1).

**V.      Summary Judgment**

Finally, Vlad-Berindan's challenge to the grant of summary judgment based on purported inconsistencies in the court's factual findings and its reliance on her deposition transcripts are meritless, substantially for the reasons stated by the district court in its September 21, 2017 order. Her argument concerning the district court's allegedly improper consideration of a "Matter History Report" submitted by the defendants is unavailing because the district court did not rely on this evidence in deciding to grant summary judgment to the defendants on her retaliation claim.

We have considered all of Vlad-Berindan's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7